[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE (No. 117)
A. FACTS:
In May 1982, April 1985 and November 1985, Meadow Haven, Inc. (MHI) filed applications with the Town of Berlin Planning Commission, for the approval of subdivision plats in Berlin. MHI is the principal of the three subdivision bonds which are at issue in this case. CIGNA is the surety of two subdivision bonds and the Town of Berlin is the obligee. INA is the surety of the remaining subdivision bond and the Town of Berlin is the obligee. The bonds were payable to the Town of Berlin in the event the principal, MHI, failed to complete the improvements to the plats. On or about, September 20, 1994, the plaintiff notified the defendant, CIGNA, that MHI had failed to complete performance of its obligation and demanded payment on the bond, payments have not been made to date. On or about, July 22, 1994, the plaintiff notified the defendant, CT Page 1287-RR CIGNA, that MHI had failed to complete performance of its obligation and demanded payment on the bond, payments have not been made to date. On or about, July 22, 1994, the plaintiff notified the defendant, INA, that MHI had failed to complete performance of its obligation and demanded payment on the bond, payments have not been made to date.
On April 19, 1995, the plaintiff, Town of Berlin, filed a complaint against the defendants, Insurance Company of North America (INA) and CIGNA Property and Casualty Insurance Company (CIGNA) for payment on the subdivision bond claims. The defendants filed a motion to strike plaintiff's entire complaint. On July 24, 1995, Judge Stengel granted the motion to strike as to the plaintiff's fourth count sounding in CUTPA and denied the motion as to the first three counts. On August 9, 1995, the plaintiff filed an amended complaint. On August 31, 1995, the defendants filed answers and special defenses to the amended complaint. On September 7, 1995, the defendant filed the motion for summary judgment. On September 12, 1995, the plaintiff filed a request to revise the defendant's special defenses. On October 10, 1995, the defendant filed its objection to the request to revise, which was sustained on October 17, 1995 by Judge Handy. The defendant's motion for summary judgment was denied on November 30, 1995 by this court. In denying the defendant's motion for summary judgment, the court stated that the defendant was incorrectly attempting to use the motion for summary judgment as a motion to strike. On December 21, 1995, the defendant's motion to reargue its motion for summary judgment was denied by this court. On January 10, 1996, the defendant filed a notice of intention to appeal the denial of its motion to reargue. Subsequently, on January 24, 1996, the plaintiff filed the present motion to strike the defendant's answer. The motion was heard at short calendar on February 20, 1996.
B. DISCUSSION:
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted).Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368
(1985). Further, the court must construe the facts in the CT Page 1287-SS pleadings, which are the subject of the motion to strike, most favorably to the pleader. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
The plaintiff's motion to strike states as the ground for striking the answer that: 1) the defendant is improperly challenging the form of the plaintiff's amended complaint; 2) "The Defendants' Answer does not comply with Practice Book Sections 160 and 162. It does not admit or deny the allegations in the Plaintiff's complaint;" 3) "Defendants' Second Special Defense to the Fourth Count should be stricken because it again raises the argument that the form of Plaintiff's Amended Complaint `was not filed in accordance with our rules of practice.'"
Practice Book § 160 states, in relevant part:
"GENERAL AND SPECIAL DENIAL
 The defendant in his answer shall specially deny such allegations of the complaint as he intends to controvert, admitting the truth of the other allegations, unless he intends in good faith to controvert all the allegations, in which case he may deny them generally."
Practice Book § 162 states, in relevant part:
"PLEADINGS TO BE DIRECT AND SPECIFIC
 Express admissions and denials must be direct, precise and specific and not argumentative, hypothetical or in the alternative. Accordingly when a pleader wishes expressly to admit or deny a portion only of paragraph, he must recite that portion; except that where a recited position of a paragraph has been either admitted or denied, the remainder of the paragraph may be denied or admitted without recital. Admission or denials of allegations identified only by a summary or generalization thereof, or by describing the facts alleged as "consistent" or "inconsistent" with other facts recited or referred to, are improper."
CT Page 1287-TT
In Home Savings of America v. Acerbo, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 113235 (February 15, 1995, D'Andrea), Judge D'Andrea granted the plaintiff's motion to strike the defendant's answer as a result of the defendant's failure to answer pursuant to Practice Book §§ 160 and 162.
This court adopts the rationale of Home Savings ofAmerica and holds that the defendant's failure to file an answer in accordance with the dictates of Practice Book §§ 160 and 162, as set forth supra, results in the pleading being stricken.
Additionally, the decision to grant the plaintiff's motion to strike is reached for the following reasons.
This court takes this opportunity to delve into the extensive history of this case up until this preliminary stage in order to demonstrate the gamesmanship that both counsel have engaged in to this point. It is this court's opinion that this one-up-manship has served neither the parties nor the court. It is apparent that the parties have failed to amicable resolve their pretrial pleading problems without the interaction of the court on numerous occasions. From a review of the file, the crux of the difficulties lies in the form of the plaintiff's amended complaint, where the plaintiff sought to incorporate by reference several counts from the prior complaint. This amended complaint has resulted in numerous pleadings, memorandums of law being filed, motions being scheduled and argued, and the needless waste of the court's limited resources. Currently, the court's file consists of three file folders and the case has yet to move beyond the initial pleadings.
It is with this history in mind, that the court is compelled to order, pursuant to Practice Book § 108[1], the plaintiff to file an amended complaint restating in full all current counts, similar to the proposed amended complaint filed with the court during short calendar on February 20, 1996, which is the date that it was offered for filing. The plaintiff is further ordered to date the amended complaint February 20, 1996. This amended complaint is to be filed within one week from the date of this decision.
Thereafter, the defendant is ordered to file a responsive CT Page 1287-UU pleading, that complies with Practice Book §§ 160 and 162, within fifteen days of the date of the filing of the amended complaint.
Both parties shall comply with this order and that any further motions will be filed with the court only after a good faith effort has been made by the parties to resolve these preliminary matters without the necessity of court intervention.
It is concluded, having required the plaintiff and the defendant to replead, the court need not specifically address the plaintiff's challenge to the defendant's Second Special Defense to the plaintiff's fourth count.
C. CONCLUSION:
It is decided that the defendant has failed to plead according to Practice Book §§ 160, 162 requirements, and as such, the defendant has failed to state a cause of action upon which relief may be granted.
For the reasons herein stated, it is concluded that the plaintiff's motion to strike, ought to be and is hereby granted.
Further, it is ordered:
1. The plaintiff file an amended complaint, within one week of the date of this decision.
2. The defendant file a responsive pleading to the newly filed amended complaint, within fifteen days of the filing of the amended complaint.
It is so ordered,
SALVATORE F. ARENA, J. JUDGE, SUPERIOR COURT